```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
BELLA SHAPNIK, as proposed Administratrix and                      :
Administrator ad Prosequendum of the ESTATE OF                     :
ROSA SHAPNIK, deceased, and BELLA SHAPNIK,                         :
individually, YAKOV SHAPNIK, individually,                         :         20-cv-6774 (LJL)
                                                                   :
                              Plaintiffs,                          :            ORDER
                                                                   :
                -v-                                                :
                                                                   :
THE HEBREW HOME FOR THE AGED AT                                    :
RIVERDALE, et al.,                                                 :
                                                                   :
                              Defendants.                          :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/23/2021

LEWIS J. LIMAN, United States District Judge:

Plaintiffs originally filed this medical malpractice and negligence case in state court asserting exclusively state law claims against non-diverse parties. Defendants removed the action to this Court on the basis of federal question jurisdiction and now move for summary judgment.

Although Plaintiffs allude to the issue in their opposition to summary judgment, neither party directly addresses whether removal was proper. The Court has an independent obligation to examine its own jurisdiction and "federal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (citation omitted). It is "settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in this case." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 14 (1983). There are exceptions to that rule, however, such as when

Congress expressly so provides or when a federal statute wholly displaces the state law cause of action through complete preemption. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). In addition, while Defendants rely on materials submitted outside of the complaint in their motion for summary judgment, removal ordinarily is based on the allegations of the well-pleaded complaint. *See Sullivan v. Am. Airlines*, 424 F.3d 267, 271 (2d Cir. 2005).

The Court invites the parties to submit briefs addressing the question of whether federal jurisdiction lies in this case such that the action was properly removed. *See, e.g.*, *Dupervil v. Alliance Health Operations, LLC*, 2021 WL 355137 (E.D.N.Y. Feb. 2, 2021) (granting motion to remand). In so doing, the parties may address, among other issues: (1) whether the doctrine of complete preemption applies; (2) whether it is appropriate for the Court to look beyond the allegations of the well-pleaded complaint in determining the existence of jurisdiction (and specifically whether the summary judgment materials have any bearing on removal jurisdiction); (3) whether complete preemption applies and, if not, whether, based on the well-pleaded allegations, the case presents a federal question; (4) the "growing consensus among courts across the country that state-law claims of negligence and wrongful death brought against a nursing home for failure to protect against the spread of COVID-19 . . . are not properly characterized as federal-law claims under the PREP Act," *Dupervil*, 2021 WL 355137, at *12; and (5) what weight the administrative interpretations of the PREP Act are owed under the standards set forth in *Kisor v. Wilkie*, 139 S.Ct. 2400, 2415 (2019) and any other applicable law.

The briefs shall be filed no later than April 1, 2021 and shall be limited to 15 double-spaced pages. Opposition briefs will not be permitted.

SO ORDERED.

Dated: March 23, 2021
New York, New York

                                            LEWIS J. LIMAN
                                            United States District Judge